```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| MICHAEL KEITH LEE, | : | CIVIL ACTION |
| | : | NO. 10-4283 |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| DEBRA OVERTON, et al., | : | |
| | : | |
| Defendants. | : | |

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                          JANUARY 15, 2013

I.   PROCEDURAL BACKGROUND

On September 16, 2010, Michael Keith Lee ("Plaintiff") filed both a complaint and amended complaint with this Court against police officers Debra Overton ("Overton") and Monique Bryant ("Bryant"), Police Commissioner Charles Ramsey ("Commissioner Ramsey"), and Mayor Michael Nutter ("Mayor Nutter")(collectively "Defendants"). Compl. 1, ECF No. 5; Am. Compl. 1, ECF No. 7.[1] Plaintiff brings a claim under 42 U.S.C. § 1983, alleging violations under the First, Fourth, Eighth, and Fourteenth Amendments based on events occurring on July 15, 2008. Am. Compl. 6, 9-10. Defendants Commissioner Ramsey and

---

[1]      Page numbers in the Amended Complaint are duplicative. Therefore page numbers in this memorandum refer to the pages as they appear in the case management system.

Mayor Nutter filed a joint answer to the Amended Complaint on November 30, 2010. Defs.' Answer to Am. Compl. 1, ECF No. 12. Defendants Overton and Bryant filed a joint motion to dismiss on March 23, 2011. Defs.' Mot. to Dismiss 1, ECF No. 23. Plaintiff filed a Response on April 27, 2012. Pls.' Resp. to Defs.' Mot. to Dismiss, ECF No. 29. Plaintiff submitted exhibits to be attached to his response on October 31, 2012. Defendants Overton's and Bryant's motion to dismiss is now ripe for disposition.

## II.  FACTUAL BACKGROUND[2]

Plaintiff was arrested for armed robbery on July 15, 2008 while in the vicinity of 500 Dupont Street, Philadelphia, Pennsylvania. Defs.' Mot. to Dismiss 2. The following summary presents Plaintiff's account of events, which Defendants Commissioner Ramsey and Mayor Nutter have denied except as to Plaintiff's arrest having taken place on July 15, 2008. Defs.' Answer to Am. Compl. 1-3.[3]

---

[2]  The facts set forth herein are taken from the complaint and are viewed in the light most favorable to Plaintiff.

[3]  No page numbers appear in the Answer. Therefore pages referenced herein represent pages as they appear in order in the case management system.

A. <u>Plaintiff's Allegations</u>

1. <u>Allegations Pertaining to Defendants Overton and Bryant</u>

On or about 2:30 a.m. on July 15, 2008, Plaintiff entered a 7-11 convenience store to purchase cigarettes. Am. Compl. ¶ 1. After leaving the store, Plaintiff noticed several police officers on the street. <u>Id.</u> ¶ 2. Plaintiff hid under a car in a nearby parking lot as the police cars approached him because of "the late hour," and his "general fear of police." <u>Id.</u> ¶¶ 3-4. One police officer alerted the others as to Plaintiff's whereabouts and ordered Plaintiff to get out from under the car with his hands up. <u>Id.</u> ¶¶ 6-7. While getting up, Plaintiff's lighter fell beneath the car. <u>Id.</u> ¶ 7. The officers, including Defendants Overton and Bryant, drew their weapons and pointed them at Plaintiff who was approximately five feet in front of them, standing with his hands raised. <u>Id.</u> ¶¶ 8-9. Plaintiff did not move or make any statements to the police at this time. <u>Id.</u> ¶ 9.

Defendant Overton directed Defendant Bryant to look underneath the car while she ordered Plaintiff to lift his shirt. <u>Id.</u> ¶¶ 10-11. Plaintiff lifted his shirt with one hand while keeping his other hand raised when Defendant Overton shot Plaintiff in his right leg. <u>Id.</u> ¶ 12. As Plaintiff fell to the ground, at least two shots were fired by Defendant Bryant,

3

missing the Plaintiff. Id. ¶ 13. Plaintiff was then handcuffed by Defendants Overton and Bryant. Id. ¶ 14. Other police officers and the teller at the 7-11 store witnessed the described events. Id. ¶ 15. Defendant Bryant asked Defendant Overton, "Why did you shoot him?" and received no response. Id. ¶ 16.

After being taken to Temple Hospital by an ambulance, according to the complaint, Plaintiff asked Defendant Overton why she had shot him, to which she replied, "'I'm a cop . . . I can do whatever I want and get away with it.'" Id. ¶¶ 17-18. Also according to the complaint, the attending physician overheard Defendant Overton's statement. Id. ¶ 19.

### 2. Allegations Pertaining to Defendants Commissioner Ramsey and Mayor Nutter

Plaintiff sent grievance letters to Defendant Commissioner Ramsey and Defendant Mayor Nutter on May 1, 2010 and May 30, 2010, respectively, seeking redress for the violations mentioned below and did not receive a response from either party. See Compl. Exs. A, B; Am. Compl. ¶¶ 24-25.

### B. Specific Claims and Requested Relief

Plaintiff brings a claim of excessive force against Defendants Overton and Bryant, asserting that Defendant Bryant acted as an accomplice to Defendant Overton. Id. ¶¶ 23-24.

4

Plaintiff brings a claim against Defendants Commissioner Ramsey and Mayor Nutter for violating his First Amendment rights in failing to redress the grievances expressed in his letters to them. Id. ¶ 25.

Plaintiff also summarily brings a claim against all Defendants for violation of his rights under the First, Fourth, Eighth, and Fourteenth Amendments. Id. ¶ 26.

Plaintiff seeks $10,000 in medical expenses, $1 million in compensatory damages, $5 million in punitive damages, and declaratory judgment against each Defendant for violating Plaintiff's constitutional rights. Id. 4.

**III. MOTION TO DISMISS**

A. Rule 12(b)(6) General Law

In considering a motion to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6), the court must "accept as true all allegations in the Complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the non-moving party." DeBenedictis v. Merrill Lynch & Co., Inc., 492 F.3d 209, 215 (3d Cir. 2007) (citations omitted). The court is to limit its inquiry to the facts alleged in the Complaint and its attachments, matters of public record, as well as undisputedly authentic documents if the complainant's

claims are based upon these documents. See Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994); Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).

The Third Circuit, "permits a [statute of] limitations defense to be raised by a motion under Rule 12(b)(6), but only if "the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." Robinson v. Johnson, 313 F.3d 128, 135 (3d Cir. 2002) (quoting Hanna v. U.S. Veterans Admin. Hosp., 514 F.2d 1092, 1094 (3d Cir. 1975)). Where the complaint facially shows noncompliance with the applicable statute of limitations, a motion to dismiss on this ground should be granted. Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.1 (3d Cir. 1994).

    B.    <u>Defendants Overton's and Bryant's Motion to Dismiss and Plaintiff's Response</u>

Defendants Overton and Bryant argue that Plaintiff's claims under 42 U.S.C. § 1983 are time barred by the applicable Pennsylvania statute of limitations. Defs.' Mot. to Dismiss 3. Plaintiff counters that his claims are not time barred because he is entitled to equitable tolling during a period in which he was mentally incapacitated. Pls.' Resp. to Defs.' Mot. to

Dismiss 2.[4] The moving Defendants have not filed a reply.

> 1. <u>Interaction of State and Federal Law in Applying Statutory Limitations Period</u>

Claims of constitutional violations are governed by the state statute of limitations for personal injury claims. <u>See</u> <u>Wilson v. Garcia</u>, 471 U.S. 261, 276-80 (1985). Pennsylvania law requires a plaintiff to bring his cause of action within two years of the date of the injury giving rise to the alleged violations. 42 Pa. Cons. Stat. Ann. § 5524 (West 2004).

Section 1988 of the United States Code, which governs statutory filing periods for civil rights actions including § 1983 actions, notes that state statutory filing periods apply, "so far as [they are] not inconsistent with the Constitution and laws of the United States." 42 U.S.C. § 1988(a). The Third Circuit has held that "when the state tolling rules contradict federal law or policy, in certain limited circumstances we can turn to federal tolling doctrine." <u>Lake v. Arnold</u>, 232 F.3d 360, 369 (3d Cir. 2000)(further explaining that state statutes of limitations "are not crafted to promote federal remedial policies"). Equitable tolling stops the statute of limitations from running when the date on which the claim accrued has

---

[4] No page numbers appear in the Response. Therefore pages referenced herein represent pages as they appear in order in the case management system.

7

already passed. Id. at 370. Pertinently, equitable tolling is appropriate, "where the plaintiff has been prevented from asserting his claim as a result of other extraordinary circumstances . . . ." Oshiver v. Levin, 38 F.3d 1380, 1387 (1994).

2. Analysis

Defendants Overton and Bryant argue that because Plaintiff was injured on July 15, 2008, and Plaintiff did not file his complaint until September 16, 2010—two years and two months after the incident—Plaintiff's claims are barred under the Pennsylvania statute of limitations and should be dismissed with prejudice as against moving Defendants. Plaintiff responds that the limitations period should be equitably tolled during the period of Plaintiff's incapacity from June 25, 2010 to September 16, 2010. During that time, Plaintiff was committed to Norristown State Hospital and was deemed incompetent by judges of the Court of Common Pleas of Philadelphia County. Pls.' Resp. to Defs.' Mot. to Dismiss 2 n.1.

Plaintiff argues that in this instance, Pennsylvania's tolling statute does not accomplish the goals of 42 U.S.C. § 1983. Pls.' Resp. to Defs.' Mot. to Dismiss 3-4. Citing Lake v. Arnold, 232 F.3d 360 (3d Cir. 2000), Plaintiff asserts "that plaintiffs with mental defects should not be precluded from bringing an action outside of the state statute of limitations

8

where the mental defect is the sole reason for the late filing. Pls.' Resp. to Defs.' Mot. to Dismiss 5.

The Third Circuit has held, "equitable tolling is extraordinary, and we extend it 'only sparingly.'" Santos v. United States, 559 F.3d 189, 197 (3d Cir. 2009)(citations omitted). In Lake, a mentally retarded woman was sterilized by medical professionals at age sixteen upon the direction of her guardians. 232 F.3d at 364. In allowing the plaintiff to proceed with her claim, the Third Circuit noted, "we are not equitably tolling Pennsylvania's statute of limitations solely because [plaintiff]'s mental incompetence prevented her from recognizing her injury when she was sterilized. Instead. . . we are tolling it due to the failure of the guardian system." Id. at 372. The Third Circuit has only permitted equitable tolling for mental disability where, "the plaintiff's mental incompetence motivated, to some degree, the injury that he sought to remedy." Id. at 371; see also Eubanks v. Clarke, 434 F. Supp. 1022 (E.D. Pa. 1977) (equitably tolling the Pennsylvania statute of limitations for mentally incompetent plaintiff who was involuntarily committed for entire limitations period).

Since Lake, the Third Circuit has been reluctant to equitably toll limitations periods in § 1983 cases on the basis

of mental incompetence.[5] In Kach v. Hose, 589 F.3d 626 (3d Cir.

---

[5]     One court in the Eastern District of Pennsylvania has taken a more flexible view regarding when a claim may be equitably tolled on the grounds of incompetency in a § 1983 case. Sullivan v. Doe, No. 07-2092, 2008 WL 4083176, at *7 (E.D. Pa. Aug. 28, 2008). In Sullivan v. Doe, the district court read Lake to hold that mental incompetence justifies equitable tolling where "the alleged mental incompetence. . . somehow affected the plaintiff's ability to timely file her action." Id. The court suggested that the Third Circuit adopt the approach that has been taken in the habeas context in determining whether or not to toll the applicable statutory period, in § 1983 cases as well. Id. That is, the court suggested adopting a totality of the circumstances approach. See United States v. Harris, 268 F. Supp. 2d 500, 506 (E.D. Pa. 2003); Graham v. Kyler, No. 01-1997, 2002 WL 32149019, at *3 (E.D. Pa. Oct. 31, 2002).  Factors considered include:

> [W]hether the petitioner has been adjudicated incompetent, and if so, when in relation to the habeas statutory period; whether petitioner has been institutionalized for his/her mental impairment; whether petitioner has handled or assisted in other legal matters which required action during the limitations period; and whether petitioners allegations of impairment are supported by extrinsic evidence such as evaluations and/or medication.

Griffin v. Stickman, No. 04-975, 2004 WL 1821142, at *6 (E.D. Pa. Aug. 11, 2004) (citation omitted)(holding that passing reference to schizophrenia in habeas petition was insufficient to toll limitations period).
     In Sullivan, the court ruled that the plaintiff's claims were barred under the statute of limitations because she failed to adequately support her claim of mental incompetence through extrinsic evidence. 2008 WL 4083176, at *8. Indeed, a prison psychiatrist had expressly deemed her competent to stand trial. Id.
     Notwithstanding the policy merits,this approach misapplies the rule Lake in failing to consider whether the plaintiff's incompetency was in part a motivating factor for the injury caused. Kach v. Hose has affirmed this aspect of the holding in Lake, and thus supersedes prior § 1983 cases ignoring whether the disability motivated the alleged injury. Compare Kach v. Hose, 589 F.3d 626 (3d Cir. 2009)(holding that plaintiff

2009), the Third Circuit denied the plaintiff's claim for equitable tolling, distinguishing Lake on multiple grounds. First, the court reasoned that in Lake, the plaintiff belonged to a protected class and that her forced sterilization "exemplified the discrimination against such persons that § 1983. . . [was] designed to remedy." Id. at 644. Second, the court highlighted that in Lake, the plaintiff's mental retardation had in part motivated the injury she sought to remedy. Id. Finally the court held that even if tolling were warranted, the plaintiff in Kach had not adequately established what mental disability she suffered from, nor was there any evidence "that the alleged constitutional deprivations of which she complain[ed] were motivated, in even a minor way, by such a disability." Id.

Both Kach and Lake suggest that Plaintiff's mental incapacity must predate the events leading to his alleged injury in order for his incapacity to constitute a motivating factor in

---

must provide evidence that alleged constitutional deprivations were motivated by disability to warrant tolling), with Taylor v. Cartwright, No. 97-6583, 2000 WL 806887, at *1 (E.D. Pa. June 2, 2000) (stating plainly that "it is unreasonable to expect involuntarily committed mental patients to assert their rights while they are institutionalized"), and Eubanks v. Clarke, 434 F. Supp. 1022, 1033 (E.D. Pa. 1977) (noting that plaintiff's mental incompetence might have motivated injuries but finding separately that it is unreasonable for mentally incompetent persons, institutionalized and lacking assistance, to be expected to assert rights during institutionalization).

11

the constitutional deprivation suffered. In Plaintiff's response, he does not explicitly allege that his mental incompetence motivated Defendants in their actions; indeed, his institutionalization occurred only after the events of which he complains.

On October 31, 2012, Plaintiff submitted additional exhibits containing evidence that his mental illness preceded his arrest. Pl.'s Resp., Ex. 1, ECF No. 38. Patient records from Norristown State Hospital, dated May 12, 2011, state, "[patient] has a long history of mental illness since age 18 + had many previous psych[iatric] hospitalizations including HUHA Gerard Medical Center." Id. Further, these records state that Plaintiff has suffered from schizophrenia and auditory hallucinations. Id.

At a hearing on January 10, 2013, Defendants argued that the medical records Plaintiff provided are insufficient to prove that he was mentally incompetent at the time of the complained of events. While the Court could demand that Plaintiff produce additional evidence[6], any such effort would be futile without proof that Defendants' activity was motivated by Plaintiff's mental incompetence. Accepting as true the account of Plaintiff's medical history as described in the recently

---

[6] The Court notes the extreme diligence appointed counsel has shown in pursuing this case under difficult circumstances. He is following in the highest tradition of his profession, and the Court is thankful for his efforts.

submitted exhibits, without even a scintilla of evidence linking Plaintiff's mental illness to the actions of Defendants, the Court cannot independently connect the dots. Therefore, under the prevailing law in the Third Circuit, Plaintiff's circumstances do not fall into the narrow set of circumstances that warrant equitable tolling on the grounds of mental incompetency.

**IV. CONCLUSION**

Under the Pennsylvania statute of limitations, Plaintiff's Complaint was not timely filed. Because the Commonwealth's statute contains no exception for mental incapacity, Plaintiff is barred from bringing his claims against Defendants Overton and Bryant. Furthermore, equitable tolling is unavailable in this case because the Third Circuit requires a plaintiff's mental incapacity to be a motivating factor in causing the complained of injury. Therefore, for the aforementioned reasons, the Court will grant Defendants Overton's and Bryant's Motion to Dismiss. An appropriate order will follow.